DANIEL W. BROWN *v*. YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY.

[41 South. Rep., 383.]

RAILROADS.   *Injury to passenger.   Presumption.   Cars overturned. Burden* of proof.   *Res ipsa loquitur.*

Testimony showing that the car in which plaintiff was a passenger suddenly left the track and turned over, injuring plaintiff, proves *prima facie* a defect in the rails or wheels, at the time of the accident, and puts the burden of proof on the railroad company to explain the accident in order to escape liability.

FROM the circuit court of Wilkinson county.

HON. MOYSE H. WILKINSON, Judge.

Brown, the appellant, was plaintiff in the court below; the railroad company, the appellee, was defendant there.   From a judgment in defendant's favor the plaintiff appealed to the supreme court.   The facts are sufficiently apparent from the opinion of the court.

*Bramlette & Tucker,* for appellant.

The appellant, on August 31, 1904, took passage for himself, wife, and three small children on defendant's train at Gloster, Mississippi, for Raymond, Mississippi, paying the fare for all of them.   When about twelve or fifteen miles from Harrison the car left the track, and was wrecked.   One of the children was thrown through the window into a field, and appellant and his wife were thrown over in the car; appellant, when the crash was over, was under the car, with his baby in his arms.   The car was turned upside down; appellant was badly bruised and injured; all the cars were wrecked except the sleeper.   The above facts are shown by appellant's testimony.   There was no other testimony.

Upon this testimony the court below held that plaintiff had not shown that defendant was guilty of negligence, and in this erred. Plaintiff had made out a *prima facie* case of negligence by showing that the train ran off the track and that he was injured. Hutchinson on Carriers (2d ed.), secs. 800, 801; *Railroad* v. *Trotter,* 60 Miss., 442.

*Mayes & Longstreet,* and *C. N. Burch,* for appellee.

The question here presented, pure and simple, is, does the mere fact of the happening of an injurious accident to a passenger on a train raise a presumption of negligence against the company, and will the mere proof of this single fact, without any explanation, or showing of any single circumstance which would indicate that the accident was caused by the negligence of the carrier, make out a *prima facie* case of negligence against the carrier?

A carrier of passengers is not an absolute insurer of a passenger's safety; and it is easy to conceive of many causes which would produce a derailment which would not impose liability on the carrier; the derailment might occur from an extraordinary flood, or from the act of a trespasser, or from a latent defect, etc. The very fact that there are reasonable hypotheses in every derailment which would be inconsistent with the idea of any negligence on the part of the carrier, makes it necessary for the plaintiff to show some fact or circumstance indicating negligence. It is not sufficient for the passenger to rely solely on the fact of derailment to make out his case. *Jacksonville St. Ry. Co.* v. *Chapell,* 21 Fla., 175; *Brown* v. *Street Ry. Co.,* 49 Mich., 153; Pierce on Railroads, 298; *Deyo* v. *N. Y. Central R. R. Co.,* 34 N. Y., 9; Redfield on Railways, 240; *The Netherlands,* 14 Fed. Rep., 63; *Lenox* v. *Harrison,* 88 Mo., 491; *Johnson* v. *Hudson River R. R. Co.,* 20 N. Y., 71; *Brooks* v. *Buffalo, etc., R. R. Co.,* 25 Barb., 600; *Haring* v. *N. Y., etc., R. R. Co.,* 13 Barb., 9.

CALHOON, J., delivered the opinion of the court.

Appellant's only contention in his motion for a new trial was that it was error to exclude his testimony and peremptorily instruct the jury to find for the railroad company.    He was the only witness in the case, and testified that he and his wife and three children were pay passengers on appellee's train; that his car and three other cars suddenly left the track and were turned over, causing some bruises, sickness, etc.    We think this a case where the thing speaks for itself, and shows that, manifestly, there was some defect in the rails, or wheels of the cars, at the very time of the accident, so as to put the railroad company to an explanation.    The courts will not go beyond the case shown to imagine that the trouble might have been from an unforeseen cause, such as a freshet, storm, felonious tampering with the rails, etc.

*Reversed and remanded.*